Farah Tabibkhoei (SBN 266312)
**DOMINIUM LAW, APC**
5665 Wilshire Blvd. #1071
Los Angeles, CA 90036
Tel: (323) 364-4148
Farah@DominiumLaw.com

Efrem Schwalb (pro hac vice app. forthcoming)
Gary Serbin (pro hac vice app. forthcoming)
**KOFFSKY SCHWALB LLC**
500 Seventh Avenue, 8th Floor
New York, New York 10018
Tel: (646) 553-1590
eschwalb@koffskyschwalb.com
gserbin@koffskyschwalb.com

Attorneys for Plaintiff
Flycatcher Corp. Ltd.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLYCATCHER CORP. LTD., Plaintiff, vs. FUTURPALS CO., LIMITED d/b/a YOTURETOYS, Defendant. | Case Number: **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Flycatcher Corp. Ltd. ("Flycatcher"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. Flycatcher brings this action against Futurpals Co. Limited d/b/a Yoturetoys ("Futurpals") for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## PARTIES

2. Flycatcher is a United Kingdom private limited company, with its office located at 201 Haverstock Hill, London, UK NW3 4QG.

3. Futurpals is a Chinese company, with its principal place of business in Shenzhen, People's Republic of China.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

5. This Court has personal jurisdiction over Defendant Futurpals because Futurpals, directly and through an intermediary (Amazon.com) has sold and shipped infringing product to customers in this district, as well as other locations in the United States. In addition, Futurpals maintains an interactive website at https://www.yoturetoys.com/. The website enables customers to order directly from the site and have products shipped to them. Futurpals' website states: "All orders are processed and shipped from our warehouse located in Los Angeles, California, USA."

6. Alternatively, Defendant Futurpals is subject to the jurisdiction of this Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, because the claim arises under federal law, and Futurepals is not subject to jurisdiction in any state's courts of general jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) and/or 28 U.S.C. § 1400(b).

# FACTUAL ALLEGATIONS

## I. Flycatcher Products

8. Flycatcher is a leader in incorporating state-of-the-art technology into kid-friendly educational products.

9. Flycatcher was founded by Shay Chen, a father of three who ran two successful technology businesses before turning his attention to toys. Intrigued by the way his own children moved seamlessly between traditional and digital play, he focused on the way the two patterns intersect, incorporating state-of-the-art technology into kid-friendly products. This elemental integration is reflected in every one of Flycatcher's toys.

10. Flycatcher toys incorporate "STEAM" learning concepts and core curricula while nurturing creativity, physical skills and emotional intelligence. STEAM refers to an educational approach to learning that uses Science, Technology, Engineering, the Arts and Mathematics as access points for guiding student inquiry, dialogue, and critical thinking. This method has been the subject of studies showing its effectiveness in child development and education.

11. Flycatcher is the assignee and owner of the entire right, title, and interest in and to U.S. Patent No. 12,688,791 ("the '791 Patent"), attached hereto as **Exhibit A**, titled "Interactive Educational Electronic Toy System" and duly issued by the United Stated Patent and Trademark Office on July 21, 2026.

12. Flycatcher's right includes the right to assert all causes of action arising under the '791 Patent and the right to all remedies for infringement, including past, current, and future damages.

13. The '791 Patent is generally directed to a system and method for providing a drawing challenge to a user. See Ex. A.

14. Flycatcher has designed and manufactures the smART Sketcher 2.0 Projector, an educational drawing-tracing projector for kids ("smART Sketcher

2.0”). Flycatcher also designs and manufactures the smART Sketcher AI projector (“smART Sketcher AI”), an educational drawing-tracing projector designed for children, which provides additional features, such as projecting traceable AI-generated images created by users via Flycatcher’s companion App (discussed below) installed on mobile devices. Flycatcher offers for sale and sells its smART Sketcher 2.0 and smART Sketcher AI projectors in the United States, including in this District.

15. Flycatcher’s smART Sketcher 2.0 and smART Sketcher AI projectors incorporate the technology disclosed in the ’791 Patent and are covered by the ’791 Patent. See Ex. A.

16. Flycatcher has also designed, developed, and distributes a companion App called smART sketcher Projector App, which is designed for use together with each of the smART Sketcher 2.0 and smART Sketcher AI projectors (collectively the “smART Sketcher system”).

## II. <u>Futurpals’ Infringing Products</u>

17. Defendant Futurpals makes, uses, sells, offers for sale and/or imports into the United States the AI Drawing Projector for Kids (the “Yoture Projector”), sometimes also referred to as the Yoture Toys Smart Drawing Projector, Bright Buddies Projector, or BrighBuddies. A copy of the manual for the Yoture Projector is attached hereto as **Exhibit B**.

18. Defendant Futurpals also develops, uses, sells, offers for sale and/or distributes into the United States an App (the “Yoture App”, also referred to as “BrightBuddies” App) that, when installed on a mobile device, is designed for use together with the Yoture Projector (collectively the “Yoture System” or “BrightBuddies System”).

19. The Yoture system is offered for sale and sold on Yoture's website at https://www.yoturetoys.com/. Futurepals also offers for sale and sells the product on Amazon, under ASIN B0FSJ58P6N.

20. Futurpals actively encourages and induces the use of both the Yoture Projector and the Yoture App through instructions contained in an instructional video on its website, https://www.yoturetoys.com/products/smart-drawing-projector, and in its manual, which instructs customers in the use of both. See Ex. B. Defendant's Yoture Projector directly competes with Plaintiff's smART Sketcher 2.0 and smART Sketcher IA projectors.

21. Defendant's Yoture system, which includes the Yoture Projector, directly competes with Plaintiff's smART Sketcher system.

## FIRST COUNT FOR PATENT INFRINGEMENT

22. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23. **Complaint Exhibit C** provides a claim chart detailing infringement of claim 1 of the '791 Patent by the Yoture Projector. The claim chart is incorporated herein.

24. Defendant has infringed and continues to infringe the '791 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271 (a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and or importing into the United States the Yoture Projector and/or Yoture System without authority of license.

25. Defendant indirectly infringes the '791 Patent, including at least claim 1, pursuant to 35 U.S. C. § 271(b), by (among other things) and with specific intent or willful blindness, actively inducing, encouraging, aiding and abetting infringement by others, such as Futurpals's customers and end-users, in this District and elsewhere in the United States. For example, Futurpals's customers and end-

users directly infringe through their use of the inventions claimed in the ’791 Patent. Futurpals induces this direct infringement through its affirmative acts of manufacturing, selling, distributing and/or otherwise making available the Yoture Projector and Yoture Projector App and providing instructions, documentation, such as the Yoturetoys Smart Drawing Projector manual, and/or other information to customers and end-users instructing them to use the Yoture Projectors and Yoture App in an infringing manner. Futurpals has known of the ’791 Patent, and of its infringement of the ‘791 Patent, or has been willfully blind to such infringement, since at least the filing of this Complaint. Despite this knowledge of the ’791 Patent and of its infringement, Futurpals has continued to perform these affirmative acts with intent, or willful blindness, that the induced acts directly infringe the ’791 Patent.

26. Futurpals also indirectly infringes the ’791 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(c), by contributing to direct infringement committed by others, such as customers and end-users in the United States, including in this District. Futurpals’s affirmative acts of offering to sell, selling, and/or importing into the United States the Yoture projectors and Yoture App, and causing the Yoture projectors and Yoture App to be manufactured, used, sold, offered for sale, and/or imported into the United States contribute to Futurpals’s customers’ and end-users’ use of the Yoture projectors and Yoture App, such that the ’791 Patent is directly infringed. The Yoture Projector and Yoture App are a material part of the invention of the ’791 Patent, are not a staple article or commodity of commerce, have no substantial non-infringing use, and are known by Futurpals to be especially made or adapted for use in the infringement of the ’791 patent. Futurpals has known of the ’791 patent, and of its infringement, or has been willfully blind to such infringement, since at least the filing of this Complaint. Despite this knowledge of the ’791 Patent and of its infringement, Futurpals has continued to perform these

affirmative acts with knowledge of the ’791 Patent and with intent, or willful blindness, that they cause infringement of the ’791 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Flycatcher prays for a judgment in its favor and against Futurpals and respectfully requests the following relief:

A. A judgment that Futurpals infringes the ’791 patent;

B. Damages for infringement of the ’791 patent in an amount to be determined at trial;

C. A preliminary and permanent injunction ordering Futurpals to cease further infringement of the ’791 patent and to take down all offerings of the infringing product;

D. For other monetary relief, including costs and expenses and pre- and post-judgment interest;

E. A determination that Futurpals’s infringement of the ’791 patents has been and is willful, and an award of enhanced damages, up to and including treble damages awarded to Flycatcher;

F. A determination that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys’ fees and costs to Flycatcher; and

G. Awarding Flycatcher other and further relief as this Court deems just and proper.

Dated: October 9, 2026

DOMINIUM LAW, APC

By: /s/ Farah Tabibkhoei
Farah Tabibkhoei
*Attorneys for Plaintiff*
*Flycatcher Corp. Ltd.*

**JURY DEMAND**

Plaintiff Flycatcher hereby demands a jury of all issues so triable.

Dated: October 9, 2026

DOMINIUM LAW, APC

By: /s/ Farah Tabibkhoei
Farah Tabibkhoei
*Attorneys for Plaintiff*
*Flycatcher Corp. Ltd.*